**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**UNITED STATES OF AMERICA**

**v.**                                                    **Criminal Action No. 3:21cr57**
                                                          **Civil Action No. 3:26cv499**

**OMARI KEISAUN MASON,**

      **Petitioner.**

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered October 17, 2024, the Court denied a 28

U.S.C. § 2255 motion filed by Petitioner. *United States v. Mason*, No. 3:21-CR-57-HEH, 2024

WL 4520342, at *1 (E.D. Va. Oct. 17, 2024). The matter is before the Court on a petition for a

writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner. For the reasons set forth

below, the petition for a writ of habeas corpus will be dismissed as a successive, unauthorized 28

U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of

the district courts to hear second or successive applications for federal habeas corpus relief by

prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping

mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted).

Specifically, "[b]efore a second or successive application permitted by this section is filed in the

district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not

avoid the bar on successive collateral attacks on their convictions and sentences by inventive

labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion

for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita

querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference.  It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186–87 (7th Cir. 1996)).  Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenges his conviction and sentence and falls within the scope of 28 U.S.C. § 2255(a).  *See United States v. Sessoms*, 488 F. App'x 737, 738 (4th Cir. 2012) (construing petition filed under 28 U.S.C. § 1651(a) as a successive § 2255 motion).  The Court has not received authorization from the Fourth Circuit to file Petitioner's successive § 2255 Motion.  Accordingly, the Clerk will be directed to file the present action as unauthorized successive motion s under 28 U.S.C. § 2255.  The action will be dismissed for want of jurisdiction.  A certificate of appealability will be denied.[1]

An appropriate Final Order will accompany this Memorandum Opinion.

_____
M. Hannah Lauck
Chief United States District Judge

Date: 6/18/26
Richmond, Virginia

_____

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Petitioner has not satisfied this standard.